UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS A. HODGES,

    Plaintiff,

v.                                   Case No. 3:03-cv-950-J-20HTS

WAL-MART STORES, INC.,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Defendant Wal-Mart's Motion for Leave to Take Second Deposition of Plaintiff Thomas A. Hodges (Doc. #44; Motion), filed on June 20, 2005. On June 21, 2005, Plaintiff responded to the Motion. Plaintiff's Response to Defendant's Motion for Leave to Take Second Deposition of Plaintiff (Doc. #47; Response).

Defendant requests permission to depose Plaintiff a second time. Motion at 1, 5. Wal-Mart represents it is seeking information concerning two surgeries Plaintiff has undergone since the original deposition, missed work and lost wages, and insurance authorization for one of the surgeries. *Id.* at 2-3. Discovery regarding surgery to Plaintiff's right knee is desired because Defendant is unsure whether Mr. Hodges will be claiming damages in connection with that injury. *Id.* at 3.

Plaintiff responds that he "will stipulate that the right knee injury is not causally related to the Walmart incident." Response at 2. In addition, it is represented Mr. Hodges

> is agreeable to a second deposition limited to questions naturally arising from the [left knee] surgery . . . which include the following factual issues: surgery, physical therapy, rehabilitation, physician visits which have occurred after [the prior deposition], as well as claims for lost wages, restrictions and limitations, and effects on activities of daily living which have occurred since October 19, 2004.

*Id.* at 2. Plaintiff does not agree to be deposed on the issues of "causation of right knee injury, . . . medical insurer authorization for surgery, and all other issues previously explored in Plaintiff's first deposition." *Id.*

Rule 30(a)(2), Federal Rules of Civil Procedure (Rule(s)), provides that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . without the written stipulation of the parties, . . . the person to be examined already has been deposed in the case[.]" Pursuant to Rule 26(b)(2), the deposition should not be permitted if the Court determines "(i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden . . . of the proposed discovery outweighs its likely benefit[.]"

As Plaintiff has agreed to stipulate regarding causation of the injury to his right knee, discovery on that subject will be

- 2 -

unnecessary. In addition, in light of Mr. Hodges' agreement, a second deposition regarding "questions naturally arising from the [left knee] surgery . . . as well as claims for lost wages, restrictions and limitations," Response at 2, as outlined above, may proceed. It appears the only remaining disagreement is whether, at the second deposition, Plaintiff may be questioned on "issues regarding insurer authorization for surgery[.]" *Id.; see* Motion at 3.

Wal-Mart asserts that, although "Plaintiff claims that his . . . delay in seeking surgical treatment for his left knee was due to his insurance company's delay in providing authorization for the surgery[,] . . . Defendant [recently] received documents from Plaintiff's insurer calling this explanation into question." Motion at 3. Mr. Hodges argues these documents "were only recently subpoenaed by Defendant . . . [and] [i]ts failure to obtain these documents, (which existed before the Plaintiff's first deposition), in preparation of Plaintiff's first deposition is not a 'changed circumstance' to be explored in a second deposition." Response at 2.

The disputed discovery would not be duplicative as Defendant did not previously "fully explore" the insurance issue. Motion at 3. Nor would Wal-Mart's area of desired questioning appear to pose an undue burden as Mr. Hodges is to be deposed on other matters. *See* Response at 2. Finally, at the time of the prior deposition

Defendant did not have the documents that cast doubt on Plaintiff's explanation for the delay in treatment, *see* Motion at 3, nor had the surgery at issue been conducted. *See id.* at 2, 5.

In light of the foregoing, the Motion (Doc. #44) is **GRANTED** to the extent a second deposition of Mr. Hodges may be conducted regarding the topics on which he has indicated he is agreeable to being questioned. *See* Response at 2. In addition, Defendant may inquire into the subject of insurance authorization for the left knee surgery.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of June, 2005.

        /s/       Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
    and *pro se* parties, if any